The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Stanton P. HARDING, Defendant–Appellant.

No. 96CA1749.

Colorado Court of Appeals,
Div. I.

July 20, 2000.

Rehearing Denied Oct. 19, 2000.

Certiorari Denied Feb. 5, 2001.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ann M. Roan, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Stanton P. Harding, appeals the judgments of conviction, and one of the sentences entered, upon jury verdicts finding him guilty of third degree sexual assault by the use of force, third degree assault, and commission of a crime of violence.

In *People v. Harding,* 983 P.2d 29 (Colo. App.1998), we addressed the issues raised here and affirmed the judgment and sentence. Thereafter, on August 30, 1999, the supreme court, on certiorari review, vacated our judgment and remanded with directions that the matter be reconsidered in light of the consolidated cases *People v. Blehm,* 983 P.2d 779 and *People v. Saint–Veltri,* 983 P.2d 779 (Colo.1999).

Upon reconsideration, we affirm the judgment in part, affirm the sentence, and remand the cause with directions.

## I.

Defendant contends that the trial court erred in not advising him properly with respect to his decision whether to testify at trial. We agree in part, and remand the cause for further proceedings.

The right to testify is a fundamental constitutional right and, as such, waiver of that right must be voluntary, knowing, and intelligent. *People v. Blehm, supra; People v. Curtis,* 681 P.2d 504 (Colo.1984).

Further, in order to meet constitutional standards with respect to a defendant's decision whether to testify, the court must advise the defendant, on the record, but outside the presence of the jury:

> [t]hat he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility.... [T]he defendant should also be advised that he has a right not to testify and that if he does not testify then the jury can be instructed about that right.

*People v. Curtis, supra,* 681 P.2d at 514.

No precise litany must be followed in advising a defendant of his or her right to testify. However, the advisement must include all of the elements set out in *Curtis. People v. Milton,* 864 P.2d 1097 (Colo.1993).

Generally, "courts indulge every reasonable presumption against waiver." *People v. Curtis, supra,* 681 P.2d at 515. Thus, the burden is on the prosecution to establish the effectiveness of a waiver. *Tyler v. People,* 847 P.2d 140 (Colo.1993).

Here, the trial court did err by informing the defendant that the jury would be instructed to consider his prior felony convictions for the limited purpose of impeaching his "character," rather than his "credibility." Yet, despite the trial court's incorrect terminology, defendant was informed of all the

other elements under *Curtis* in an otherwise thorough advisement.

While the requirement that a criminal defendant be advised concerning his or her right to testify pursuant to *People v. Curtis, supra,* was reiterated in *People v. Blehm, supra,* the supreme court, for the first time, held that the issue whether a defendant had knowingly, intelligently, and voluntarily waived his or her right to testify is best addressed in a claim for post-conviction remedy pursuant to Crim. P. 35(c). *See People v. Gray,* 920 P.2d 787 (Colo.1996)(matters in addition to the advisement and outside the record could be considered in determining whether there was a knowing, intelligent, and voluntary waiver of the right to testify).

In *Blehm,* our supreme court further instructed that, in the event the appellate court concludes, as we have here, that an advisement was deficient, the matter is to be remanded to the trial court for an evidentiary hearing on the validity of a defendant's waiver. Therefore, such remand is the disposition we follow here.

## II.

Because they will become significant if defendant's waiver of his right to testify is found to be valid, we address his other contentions.

### A.

■ Defendant contends that the trial court erred in allowing evidence of prior bad acts to be admitted. Specifically, he argues that the subject evidence was improperly admitted because, contrary to the requirements of *People v. Spoto,* 795 P.2d 1314, 1319 (Colo.1990), the prosecutor failed to articulate a "precise evidential hypothesis by which a material fact can be permissibly inferred from the prior [misconduct] independent of the [inference prohibited] by CRE 404(b)." We perceive no error.

At a hearing on the prosecution's motion to introduce the similar transaction evidence, the prosecutor stated that he was offering the evidence to establish identity, guilty knowledge, intent, design, and motive. Defendant, therefore, was on notice of the permissible purposes for which the prosecutor was proffering the evidence. Indeed, the record indicates that defense counsel objected to the evidentiary hypotheses, arguing that identity was the only relevant basis for admitting the evidence. Accordingly, defendant's claim, that the prosecutor failed to comply with the procedural requirements of *Spoto* is rejected.

### B.

■ Defendant next contends that the trial court failed to respond adequately to the jury's inquiry regarding the evidentiary value of the similar transaction evidence. We find no error.

Prior to the admission of the similar transaction evidence, and again in the written instructions, the trial court instructed the jurors that they were to consider the evidence of defendant's prior bad acts only for the limited purpose of establishing identity.

During deliberations, the jury sent the trial court the following written question:

In the situation of the witness [A.P.] could you define "purely for identification purposes" for us. Are we to consider the relationship of this charge to the past act?

In response to the jury's question, the court gave the following instruction:

You may consider the evidence of the incident involving [A.P.] for the sole purpose of determining whether the defendant's identity has been proved beyond a reasonable doubt as the person who committed the crimes charged in this case.

Defendant contends that the trial court's response was inadequate because it failed to inform the jury that it could not use the similar transaction evidence to infer that defendant had a propensity to commit sexual assaults. We disagree with defendant.

■ When a jury inquires about the meaning of a particular instruction, the court should provide a supplemental instruction sufficient to clarify the jury's uncertainty. A jury should be referred back to the original instructions only when it is clear that it has overlooked some portion thereof or when the instructions clearly answer the inquiry. *Leo-*

*nardo v. People,* 728 P.2d 1252 (Colo.1986); *People v. Bachicha,* 940 P.2d 965 (Colo.App. 1996).

Here, the trial court responded to the jury's question by informing it of the sole purpose for which it could consider the evidence. Therefore, contrary to defendant's contention, the jurors were made aware that they could not use the evidence to infer that defendant had the propensity to commit bad acts. Further, the court clarified its earlier instructions by explaining what the phrase "for identification purposes" meant in the context of this case. Thus, the instruction given was sufficient to vitiate the jury's uncertainty, and did not constitute error.

### C.

Defendant's final contention is that the trial court abused its discretion in sentencing him to the maximum aggravated term of sixteen years. We disagree.

Sentencing is discretionary, and in order for a sentence to constitute an abuse of discretion, it must be manifestly arbitrary, unreasonable, or unfair. *People v. Hughes,* 946 P.2d 509 (Colo.App.1997).

Absent a showing that the court's wide latitude in sentencing was marred by a clear abuse of discretion, a sentencing decision will not be reversed on appeal. *People v. Lowery,* 642 P.2d 515 (Colo.1982).

In imposing defendant's sentence, the trial court stated that its primary considerations were, "a need to provide [a] sense of security for the community and [to] preclude the opportunity for [defendant to victimize] another...." The trial court noted that, at the time defendant had committed the assault in this case, he was on probation for a previous sexual assault of another woman.

In addition, it referred to the presentence report which indicated that defendant had been involved with a woman in a third incident that, factually, constituted a third degree sexual assault. These previous assaults, along with evidence from defendant and the presentence report, persuaded the trial court that defendant is a sexual predator who would, if given the opportunity, continue his behavior in the future.

Accordingly, because the sentence was based on appropriate rationale and facts, which are supported by the record, it will not be disturbed on review.

The cause is remanded to the trial court for an evidentiary hearing concerning the validity of defendant's waiver of the right to testify. Should defendant's waiver be found valid, the judgment and sentence shall stand affirmed. Should defendant's waiver be found invalid, as not knowingly, intelligently, and voluntarily given, then the judgment and sentence shall be vacated, and defendant shall be granted a new trial.

Judge METZGER and Judge KAPELKE concur.