Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 19, 2017

**2017 CO 76**

**No. 14SC517, Roberts v. People—Affirmative Defenses—Traverses—Self-Defense—Harassment.**

In this case, the supreme court reviews the district court's order affirming the petitioner's county court conviction for harassment.  The petitioner asserts that pursuant to People v. Pickering, 276 P.3d 553 (Colo. 2011), self-defense is an affirmative defense to all crimes requiring intent, knowledge, or willfulness.  She thus contends that (1) she was entitled to a self-defense affirmative defense instruction to the specific intent crime of harassment and (2) the county court's refusal to give such an instruction constituted reversible error.

Because Pickering does not establish the broad, bright-line rule that the petitioner asserts and thus does not require a trial court to give a self-defense affirmative defense instruction in every case requiring intent, knowledge, or willfulness,  the supreme court affirms the district court's judgment.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 76

**Supreme Court Case No. 14SC517**
*Certiorari to the District Court*
El Paso County District Court Case No. 13CV31542
Honorable Thomas L. Kennedy, Judge

**Petitioner:**

Monica Roberts,

v.

**Respondent:**

The People of the State of Colorado.

## Judgment Affirmed
*en banc*
June 19, 2017

**Attorneys for Petitioner:**
Douglas K. Wilson, Public Defender
Tracy C. Renner, Deputy Public Defender
  *Denver, Colorado*

**Attorneys for Respondent:**
Daniel H. May, District Attorney, Fourth Judicial District
Katherine Brownlow, Deputy District Attorney
  *Colorado Springs, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

¶1    In this case, we review the district court's order in <u>People v. Roberts</u>, No. 13CV31542 (El Paso Cty. Dist. Ct. May 27, 2014), affirming petitioner Monica Roberts's county court conviction for harassment.[1]  Ms. Roberts's contention is narrow. She asserts that pursuant to our opinion in <u>People v. Pickering</u>, 276 P.3d 553 (Colo. 2011), self-defense is an affirmative defense to all crimes requiring intent, knowledge, or willfulness.  She thus contends that (1) she was entitled to a self-defense affirmative defense instruction to the specific intent crime of harassment and (2) the county court's refusal to give such an instruction constituted reversible error.

¶2    Because <u>Pickering</u> does not establish the broad, bright-line rule that Ms. Roberts asserts, we are not persuaded by her argument.  Accordingly, we affirm the district court's judgment.

## I.  Facts and Procedural History

¶3    The People charged Ms. Roberts with one count each of third-degree assault and harassment.[2]  The charges stemmed from a May 2012 incident in which Ms. Roberts hit her estranged husband, Scott Roberts, in the face several times during an argument.

---

[1] We granted certiorari to review the following issue:

> Whether a defendant may assert self-defense as an affirmative defense to the specific intent crime of harassment under section 18-9-111(1)(a), C.R.S. (2014).

[2] As pertinent here, a person commits (1) third-degree assault if she "knowingly or recklessly causes bodily injury to another person," § 18-3-204(1)(a), C.R.S. (2016), and (2) harassment if "with intent to harass, annoy, or alarm another person," she "strikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact," § 18-9-111(1)(a), C.R.S. (2016).

¶4 The case proceeded to a jury trial in county court. At trial, Mr. and Ms. Roberts both testified and provided differing accounts of the incident at issue.

¶5 According to Mr. Roberts's testimony, the couple began arguing while driving home from dinner. The argument escalated, and Ms. Roberts became combative, hitting him on the arm several times, although the impact "wasn't that major." Once the two arrived home, Ms. Roberts jumped out of the vehicle and "took off" down the sidewalk. Mr. Roberts, concerned for her safety, went after her and tried to calm her down and get her to come home. Ms. Roberts, whom Mr. Roberts characterized as "an angry drunk," continued cursing and "flexing" and ultimately hit Mr. Roberts with a closed fist in the mouth and eye, leaving him dazed. Mr. Roberts returned home and reported the incident to the police.

¶6 Ms. Roberts, in contrast, testified that while Mr. Roberts was driving, he called her "a whore and a bitch" and that she just wanted to get out of the car. She began to "mess[]" with the door handle to get out, and Mr. Roberts accelerated. Ms. Roberts then went to grab the steering wheel "to try to scare [Mr. Roberts], so he would pull the car over." Mr. Roberts struck her, and the two began hitting each other. The couple eventually arrived home, and before Mr. Roberts had even parked, Ms. Roberts jumped out and ran. Mr. Roberts chased after her and grabbed her arms. Fearing that if Mr. Roberts got her into the house, then she "wasn't going to be able to get out," Ms. Roberts punched Mr. Roberts twice. He let go of her, and she ran.

3

¶7    As pertinent here, Ms. Roberts specifically denied striking Mr. Roberts with the intent to harass, annoy, or alarm him.  She said that her sole intent was "just to get as far away from him as [she] could."

¶8    At the close of the evidence, the county court held a jury instruction conference. During the conference, Ms. Roberts tendered two separate instructions describing the relationship between self-defense and the harassment charge.

¶9    The first proffered instruction provided:

> The evidence in this case has given rise to an affirmative defense to the charge of third degree assault and harassment.
>
> In addition to proving beyond a reasonable doubt all the elements of the charged offenses, the prosecution also has the burden of disproving the affirmative defense of self-defense. That is, the prosecution must prove beyond a reasonable doubt that Monica Roberts was not acting in self-defense.

¶10   The prosecutor objected to this instruction, arguing, as pertinent here, that self-defense is not an affirmative defense to harassment.  The court agreed and rejected the instruction.

¶11   Ms. Roberts's second proffered instruction provided, in pertinent part:

> A person may be convicted of Harassment only if he or she acted "with the intent to harass, annoy or alarm another person."
>
> A person does not act "with the intent to harass, annoy or alarm another person" if he or she acts in reasonable defense of themselves.
>
> The evidence in this case raises the issue of self-defense.  Therefore, in deciding whether the defendant acted "with the intent to harass, annoy or alarm another person," you must decide whether the defendant was acting in reasonable defense of himself or herself.

4

> The prosecution must prove beyond a reasonable doubt that the defendant acted "with the intent to harass, annoy or alarm another person." To do that, the prosecution must prove, among other things, that the defendant did not act in reasonable defense of himself or herself. . . .

(Emphases added.)

¶12 The court also refused this instruction, ruling that, like the first proffered instruction, it erroneously required the prosecution to disprove self-defense in order to secure a conviction on the harassment charge.

¶13 The court instead instructed the jury that with respect to harassment and assault committed recklessly, "self-defense is not an affirmative defense to these charges, and the prosecution is not required to disprove the defense of self-defense beyond [a] reasonable doubt. However, you may consider the evidence of self-defense in determining whether the defendant acted recklessly, intentionally or with intent."

¶14 The jury ultimately returned verdicts finding Ms. Roberts not guilty of third-degree assault but guilty of harassment, and the court sentenced her to twenty-four months of supervised probation.

¶15 Ms. Roberts appealed to the district court, arguing, among other things, that the county court had erred in ruling that self-defense was not an affirmative defense to harassment because (1) harassment is a specific intent crime and (2) under Pickering, self-defense is an affirmative defense to specific intent crimes. The district court perceived no error and affirmed. Roberts, No. 13CV31542. As pertinent here, the court observed that to be convicted of harassment, a defendant must have the specific intent "to harass, annoy, or alarm." Id. In the court's view, a person who acts in self-defense

5

cannot simultaneously act with the intent to harass, annoy, or alarm. Id. Accordingly, the court concluded that self-defense, when asserted as a defense to a charge of harassment, is an element-negating traverse rather than an affirmative defense. Id. The court thus affirmed the county court's judgment. Id.

¶16    We subsequently granted Ms. Roberts's petition for certiorari.

## II. Analysis

¶17    We begin by noting the applicable standard of review. We then discuss the two general types of defenses to criminal charges—affirmative defenses and traverses—and the burden of proof applicable to each. We conclude by addressing Ms. Roberts's contention that under Pickering, self-defense is an affirmative defense to all crimes requiring intent, knowledge, or willfulness and that, therefore, the county court erred in refusing to give a self-defense affirmative defense instruction regarding the specific intent crime of harassment.

## A. Standard of Review

¶18    Trial courts have a duty to instruct the jury on all matters of law applicable to the case. Riley v. People, 266 P.3d 1089, 1092 (Colo. 2011). We review jury instructions de novo to determine whether the instructions accurately informed the jury of the governing law. Id. We consider all of the instructions given by the trial court together to determine whether they properly advised the jury. Id. at 1093.

## B. Affirmative Defenses and Traverses

¶19    We have generally recognized two types of defenses to criminal charges: (1) affirmative defenses and (2) traverses. Pickering, 276 P.3d at 555.

6

¶20     An affirmative defense essentially admits the defendant's commission of the elements of the charged act but seeks to justify, excuse, or mitigate the commission of the act. Id.; see also People v. Huckleberry, 768 P.2d 1235, 1239 (Colo. 1989) ("[T]he essence of an affirmative defense is the admission of the conduct giving rise to the charged offense."). Thus, this court has stated, "Having acknowledged presence at and participation in the event, the participant in effect justifies the conduct on grounds deemed by law to be sufficient to render the participant exempt from criminal responsibility for the consequences of the conduct." Huckleberry, 768 P.2d at 1239.

¶21     A traverse, in contrast, effectively refutes the possibility that the defendant committed the charged offense by negating one or more elements of that offense. Pickering, 276 P.3d at 555.

¶22     Whether an asserted defense is an affirmative defense or a traverse dictates the applicable burden of proof as to the defense's existence or nonexistence. Specifically, when the evidence presented properly raises the issue of an affirmative defense, the affirmative defense effectively becomes an additional element of the charged offense, and the trial court must instruct the jury that the prosecution bears the burden of proving beyond a reasonable doubt that the affirmative defense is inapplicable. Id. In contrast, when the evidence presented properly raises the issue of a traverse, "the jury may consider the evidence in determining whether the prosecution has proven the element implicated by the traverse beyond a reasonable doubt, but the defendant is not entitled to an affirmative defense instruction." Id. This is because proof beyond a

reasonable doubt of the element implicated by the traverse, by definition, disproves the traverse. See id.

¶23    With the foregoing principles in mind, we turn to Ms. Roberts's contention that Pickering entitled her to an affirmative defense instruction in this case.

## C. **Pickering**

¶24    As noted above, Ms. Roberts's argument before us is a narrow one. She contends that because Pickering concluded that self-defense is an affirmative defense to all crimes requiring intent, knowledge, or willfulness, the county court was required to instruct the jury that it could find her guilty of harassment only if it found that the prosecution had disproved beyond a reasonable doubt that she had acted in self-defense. Ms. Roberts's argument misreads Pickering.

¶25    In Pickering, 276 P.3d at 554–55, we considered whether the trial court had erred in instructing the jury that the prosecution did not bear the burden of disproving beyond a reasonable doubt the defendant's claim of self-defense to a charge of reckless manslaughter. In concluding that the trial court did not err, we explained, "With respect to crimes requiring recklessness, criminal negligence, or extreme indifference, such as reckless manslaughter, self-defense is not an affirmative defense, but rather an element-negating traverse." Id. at 556. We so concluded based on the fact that "acts committed recklessly or with extreme indifference or criminal negligence are 'totally inconsistent' with self-defense." Id. (quoting People v. Fink, 574 P.2d 81, 83 (Colo. 1978)). We specifically observed, "[I]t is impossible for a person to act both recklessly and in self-defense, because self-defense requires one to act justifiably, while

8

recklessness requires one to act with conscious disregard of an unjustifiable risk." Id. (citation omitted).

¶26    In contrast, we stated, "With respect to crimes requiring intent, knowledge, or willfulness, such as second-degree murder, self-defense is an affirmative defense." Id. at 555.  In so concluding, we noted, by way of example, that a person could knowingly cause the death of another while doing so in self-defense  Id. at 556.  We then reiterated that when self-defense is properly raised as an affirmative defense, "the prosecution bears the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense, and the trial court must instruct the jury accordingly." Id.

¶27    Latching onto Pickering's language regarding intent crimes, Ms. Roberts insists that Pickering required the trial court to instruct the jury that self-defense is an affirmative defense to harassment (a crime requiring intent) and that therefore, the prosecution had the burden of disproving self-defense beyond a reasonable doubt. Pickering, however, did not establish such a rule.  To the contrary, the sentence on which Ms. Roberts relies was dictum, and it certainly was not intended to create the type of broad, bright-line rule that Ms. Roberts espouses.  As noted above, the question before us in Pickering was whether the trial court had erred in instructing the jury that the prosecution did not bear the burden of disproving beyond a reasonable doubt the defendant's claim of self-defense to a charge of reckless manslaughter. Id. at 554–55.  We concluded that the trial court's instruction was proper and did not impermissibly shift the People's burden of proof to the defendant. Id. at 554.  Accordingly, Pickering did not require us to consider—nor did we consider—the range of cases in which

self-defense is an affirmative defense, although we noted certain types of cases in which it could be, such as second-degree murder. Id. at 555–56.

¶28 Because (1) Pickering did not establish the broad rule of law that Ms. Roberts espouses and thus does not require a trial court to give a self-defense affirmative defense instruction in every case requiring intent, knowledge, or willfulness and (2) Ms. Roberts has presented no other argument to support her assertion that she was entitled to an affirmative defense instruction here, we conclude that on the facts of this case, Ms. Roberts has not shown that the county court committed instructional error.

¶29 In light of our foregoing disposition, we need not address—and express no opinion on—the People's contention that as a matter of law, harassment is, in all cases, inconsistent with self-defense and that, therefore, the affirmative defense of self-defense never applies to a charge of harassment.

## III. Conclusion

¶30 For the foregoing reasons, we affirm the judgment of the district court.