The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
September 12, 2019

**2019COA143**

**No. 16CA0218, *People v. Mosely* — Criminal Law — Juries — Unanimity — Jury Instructions — Defense of Person; Affirmative Defenses — Self-Defense; Constitutional Law — Due Process**

A division of the court of appeals considers whether a jury must unanimously decide which element of self-defense the prosecution disproved beyond a reasonable doubt.  The division concludes it must, based on Colorado law granting defendants the right to a unanimous jury instruction.  § 16–10–108, C.R.S. 2018.

It reasons that, by not requiring the jury to agree on which element of self-defense the prosecution disproved, the trial court impermissibly lowers the prosecution's burden of proof and leaves open the possibility of a conviction based on competing theories of the law.  The division concludes that, because this violates a

defendant's right to due process of law, such an error is not harmless beyond a reasonable doubt.

Court of Appeals No. 16CA0218
Arapahoe County District Court No. 15CR499
Honorable Carlos A. Samour, Jr., Judge
Honorable Elizabeth Beebe Volz, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Clarence Mosely,

Defendant-Appellant.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE TAUBMAN
Hawthorne and Grove, JJ., concur

Announced September 12, 2019

Philip J. Weiser, Attorney General, Gabriel P. Olivares, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Meredith E. O'Harris, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Clarence Mosely, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree assault and felony menacing. He contends that the district court violated his right to due process when, in response to a juror's question, it erroneously instructed the jurors that they need not unanimously agree on the basis on which the prosecution disproved Mosely's affirmative defense of self-defense. Because we agree with that contention, we reverse his felony menacing conviction and remand to the district court for a new trial. However, we affirm the conviction for second degree assault because the instruction did not apply to that charge and Mosely's other convictions fail.

## I. Background

¶ 2 Police officers removed Mosely from Shotgun Willie's, a strip club in Glendale, Colorado, in February 2015 after he exhibited confrontational and aggressive behavior toward other patrons.

¶ 3 Ten to twenty minutes after his ejection from the premises, around 1 a.m., the victim, T.K., and a group of men celebrating a bachelor party encountered Mosely in the parking lot as they left the strip club to board their party bus. After an aggressive verbal

1

exchange between Mosely and another member of the party, T.K. intervened, and a physical altercation erupted. During the fight, Mosely stabbed T.K. in the abdomen with a small folding knife. Members of the party restrained and purportedly hit Mosely until off-duty law enforcement officers inside the strip club gained control of the situation. T.K. was transported to a nearby hospital.

## II. Jury Instructions

¶ 4    Mosely asserts that the trial court erred in answering a juror's question by explaining that the jury need only unanimously agree that the prosecution disproved beyond a reasonable doubt at least one of the exceptions to self-defense to felony menacing;[1] it need not agree which of the exceptions was disproved. We agree and conclude that the error was not harmless beyond a reasonable doubt.

---

[1] The self-defense instruction also pertained to a charge of first degree assault for which Mosely was acquitted; it did not apply to the second degree assault charge of which he was convicted. However, for the first time in the reply brief, defense counsel asserts that the jury instructions and response to the question also impacted Mosely's second degree assault conviction. We do not address arguments raised for the first time in a reply brief. *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990).

## A. Relevant Facts

¶ 5    The trial court instructed the jury on the elements of the

offense of menacing:

> The elements of the crime of Menacing, as
> charged in this case, are:
>
> 1. That the defendant,
> 2. in the State of Colorado, at or about the
> date and place charged,
> 3. knowingly,
> 4. by any threat or physical action,
> 5. placed or attempted to place another person
> in fear of imminent serious bodily injury,
> 6. and that the defendant's conduct was not
> legally authorized by the affirmative defense [of
> self-defense] in Instruction No. 17.
>
> After considering all the evidence, if you decide
> the prosecution has proven each of the
> elements beyond a reasonable doubt, you
> should find the defendant guilty of
> Menacing . . . .

¶ 6    The court also instructed the jury on self-defense:

> The evidence presented in this case has raised
> the affirmative defense of "defense of person"
> or "self-defense," as a defense to . . . Menacing.
> The defendant was legally authorized to use
> physical force upon another person without
> first retreating if:
> 1. he used that physical force in order to
> defend himself or a third person from what he
> reasonably believed to be the use or imminent
> use of unlawful physical force by that other
> person, and

3

> 2. he used a degree of force which he reasonably believed to be necessary for that purpose, and
> 3. he did not, with intent to cause bodily injury or death to another person, provoke the use of unlawful physical force by that other person, and
> 4. he was not the initial aggressor, or, if he was the initial aggressor, he had withdrawn from the encounter and effectively communicated to the other person his intent to do so, and the other person nevertheless continued or threatened the use of unlawful physical force.  The prosecution has the burden to prove, beyond a reasonable doubt, that the defendant's conduct was not legally authorized by this defense.  *In order to meet this burden of proof, the prosecution must disprove, beyond a reasonable doubt, at least one of the above numbered conditions . . . .*

(Emphasis added.)

¶ 7      The court also provided the jury with other instructions, as well as the standard unanimity instruction, which stated in part:

> The verdict for each charge must represent the considered judgment of each juror, and it must be unanimous.  In other words, all of you must agree on all parts of it.  This requirement also applies to any determination that you make in response to a verdict question which you conclude should be answered.

¶ 8      During deliberations, a juror submitted a question to the court, asking,

> With regard to [the self-defense instruction], [do] we have to unanimously agree on at least one of the factors, e.g. #1[,] or do we need to unanimously agree that individually at least one of the factors 1-4 was disproved[?]

The trial court discussed the question with defense counsel and the prosecutor. Over defense counsel's objection, the trial court responded to the juror's question as follows:

> Dear Members of the Jury, . . . . In order for you to decide that the prosecution has met its burden of proof with respect to the affirmative defense of defense of person or self-defense, you have to unanimously agree that the prosecution has disproven at least one of the numbered conditions. However, there is no requirement that you unanimously agree on which numbered condition or conditions have been disproven.

## B. Standard of Review

¶ 9    We review jury instructions and a court's response to juror questions de novo to determine whether, as a whole, they accurately informed the jury of the governing law. *Riley v. People*, 266 P.3d 1089, 1092-93 (Colo. 2011). Whether and how to answer a juror's question lie within the trial court's discretion, and we do not reverse absent a determination that the trial court abused its

5

discretion. *People v. Gwinn*, 2018 COA 130, ¶ 31, 428 P.3d 727, 735.

### C. Applicable Law

¶ 10 The prosecutor must prove beyond a reasonable doubt every element of a charged offense. *People v. Griego*, 19 P.3d 1, 7 (Colo. 2001). A defendant asserting an affirmative defense does not deny the commission of the charged offense; rather, he or she concedes committing the charged act but claims legal justification in doing so, given the circumstances. *Roberts v. People*, 2017 CO 76, ¶ 20, 399 P.3d 702, 705. In Colorado, the court treats the defense as another element of the charged offense. *People v. Garcia*, 113 P.3d 775, 784 (Colo. 2005).

¶ 11 When a defendant presents sufficient evidence to raise an affirmative defense, the prosecutor must prove not only that the defendant committed the charged offense, but also the nonexistence of the affirmative defense. *People v. Reed*, 932 P.2d 842, 844 (Colo. App. 1996). If the prosecution does not disprove the affirmative defense beyond a reasonable doubt, the defendant is "exempt from criminal responsibility for the consequences of the conduct."

*Roberts*, ¶ 20, 399 P.3d at 705 (quoting *People v. Huckleberry*, 768 P.2d 1235, 1239 (Colo. 1989)).

¶ 12    As relevant here, self-defense is an affirmative defense to felony menacing under section 18-3-206, C.R.S. 2018. *See Riley*, 266 P.3d at 1093. Colorado law entitles a defendant to a unanimous jury verdict and due process of law. *See* Colo. Const. art. II, § 25; § 16-10-108, C.R.S. 2018; Crim. P. 31(a)(3); *Griego*, 19 P.3d at 7. "Unanimity means only that each juror agrees that each element of the crime charged has been proved to that juror's satisfaction beyond a reasonable doubt." *People v. Linares-Guzman*, 195 P.3d 1130, 1134 (Colo. App. 2008).

¶ 13    To facilitate a jury's decision-making, the trial court is obligated to clarify any confusion the jury expresses regarding any element of the offense charged or law bearing on the defendant's innocence or guilt. *Leonardo v. People*, 728 P.2d 1252, 1256 (Colo. 1986). "When a jury inquires about the meaning of a particular instruction, the court should provide a supplemental instruction sufficient to clarify the jury's uncertainty." *People v. Harding*, 17 P.3d 183, 186 (Colo. App. 2000).

## D. Analysis

¶ 14    As noted, the prosecution must prove every element of an

offense beyond a reasonable doubt, and self-defense must be

treated as an additional element to be disproved.

¶ 15    While the jury must unanimously agree on all elements of a

crime, it is not required to unanimously agree on the evidence or

theory by which a particular element is established.  *People v.*

*Palmer*, 87 P.3d 137, 140 (Colo. App. 2003); *see also People v.*

*Davis*, 2017 COA 40M, ¶ 21, ___ P.3d ___, ___ ("Though the

prosecution alleged numerous overt acts in furtherance of the single

conspiracy, that did not require unanimous agreement by the jurors

as to the precise overt act defendant committed.").

¶ 16    Though no Colorado court has addressed the specific issue

before us, our jurisprudence reveals that, to establish a self-defense

exception — such as mutual combat or provocation — the

prosecution must prove the elements of the exception beyond a

reasonable doubt.[2]  *See Kaufman v. People*, 202 P.3d 542, 561

(Colo. 2009) (detailing the prosecution's burden to prove mutual

combat as an exception to self-defense).  Similarly, in *People v. Rios*,

2014 COA 90, ¶ 51, 338 P.3d 495, 504, a division of this court held,

in considering the combat-by-agreement exception to self-defense,

that

> a combat-by-agreement instruction that does
> not state the elements that must be
> established or that the prosecution has the
> burden to prove these elements beyond a
> reasonable doubt is erroneous because it does
> not adequately inform the jury how to apply
> the statutory exception to the facts of the case.

¶ 17     In this regard, *People v. Silva*, 987 P.2d 909 (Colo. App. 1999),

is instructive.  There, as here, the division considered the

provocation and initial aggressor exceptions to self-defense.  The

division explained that under section 18-1-704(3)(a), C.R.S. 2018,

"a defendant's assertion of self-defense is lost if he or she acted with

intent to provoke the victim into attacking first in order to provide

---

[2] In some instances, the prosecution must prove the existence of an
exception to self-defense to carry its burden to disprove self-defense
beyond a reasonable doubt.

the defendant with the excuse to injure or kill the defendant." *Id.* at 914. Significantly, the division added, "[i]n contrast to the initial aggressor limitation, the provocation limitation applies in situations where the defendant was not the initial aggressor." *Id.* Because the *Silva* division concluded that no evidence showed that the defendant intended to provoke the victims or their friend, it held that giving the provocation instruction to the jury constituted reversible error.

¶ 18 Accordingly, when the division considered the propriety of instructing the jury on the initial aggressor instruction to self-defense, it did not need to address the issue presented here — whether jurors can be instructed on both the provocation and initial aggressor exceptions to self-defense without a requirement that they unanimously agree on one of those exceptions.

¶ 19 First, we conclude that absent the juror question here, the unanimity instruction given to the jurors was sufficient to advise them that they had to agree unanimously as to the applicability of either the provocation or initial aggressor exception to self-defense. Based on the unanimity instruction, the jurors also could have

10

concluded that neither exception applied, but that the prosecution had disproved beyond a reasonable doubt one or both of the first two elements of the self-defense instruction. That is, without reaching the self-defense exceptions, the jurors could have concluded that Mosely (1) did not use physical force to defend himself from what he reasonably believed to be the use or imminent use of unlawful physical force by another person, or (2) did not use a degree of force which he reasonably believed to be necessary to defend himself.

¶ 20    We reach this conclusion because the unanimity instruction told the jurors that "all of you must agree on all parts of it." We interpret this to mean that absent the juror's question, the jurors would be required to unanimously agree as described above. Nevertheless, because the trial court answered the juror's question in a manner that conflicted with the unanimity instruction, some jurors might have concluded that the provocation exception applied, while others concluded that the initial aggressor instruction applied. This was improper.

11

¶ 21    In determining whether jurors must be instructed that they

must unanimously agree on one of these exceptions, we consider

significant the *Silva* division's observation that the provocation

exception to self-defense applies when the defendant was not the

initial aggressor.  This statement implies that the provocation and

initial aggressor exceptions are mutually exclusive.

¶ 22    That these exceptions to self-defense are mutually exclusive is

supported by examination of section 18-1-704(3), which sets forth

three exceptions to self-defense — provocation, initial aggressor,

and mutual combat.[3]  These exceptions are set forth in the

disjunctive, indicating that only one of them must be satisfied for

the prosecution to disprove the self-defense exception.

¶ 23    Accordingly, we conclude that the prosecution did not

establish beyond a reasonable doubt that the jurors unanimously

agreed as to how the prosecution disproved the affirmative defense

of self-defense.  Our conclusion is supported by case law in a

---

[3] Because the mutual combat exception is not involved here, we
need not determine whether it and the other two exceptions are
mutually exclusive.

12

related context that while factually inconsistent verdicts are permissible, when a defendant is convicted of two or more crimes with legally and logically inconsistent elements, the verdicts should not be sustained. *See People v. Frye*, 898 P.2d 559, 569 n.13 (Colo. 1995); *People v. Delgado*, 2016 COA 174, ¶¶ 15-16, 410 P.3d 697, 700 (*cert. granted* Dec. 11, 2017).

¶ 24    Nevertheless, the People urge us to adopt the reasoning of the Court of Appeals of Texas in *Harrod v. State*, 203 S.W.3d 622, 628 (Tex. App. 2006), in which the court held that "the jury is not required to agree unanimously on the specific component of self-defense on which it is not persuaded." However, Texas' self-defense statute differs significantly from Colorado's: Texas treats self-defense as a justification, not an affirmative defense. Tex. Penal Code Ann. § 9.31 (West 2007).

¶ 25    Texas law requires a defendant to prove an affirmative defense by a preponderance of the evidence, and the state "has a burden requiring it to prove its case beyond a reasonable doubt." *Harrod*, 203 S.W.3d at 627. "A jury verdict of guilty is an implicit finding rejecting the defendant's self-defense theory." *Id.* Thus, a

defendant's assertion of self-defense in Texas legally operates more like a traverse operates in Colorado.

¶ 26    Under Colorado law, a traverse "effectively refutes the possibility that the defendant committed the charged offense by negating one or more elements of that offense." *Roberts*, ¶ 21, 399 P.3d at 705.  When evidence presented raises the issue of a traverse, "'the jury may consider the evidence in determining whether the prosecution has proven the element implicated by the traverse beyond a reasonable doubt' . . . [and] proof beyond a reasonable doubt of the element implicated by the traverse, by definition, disproves the traverse." *Id.* at ¶ 22, 399 P.3d at 705 (citation omitted).

¶ 27    Conversely, when self-defense is used as an affirmative defense in Colorado, "[d]isproving the existence of self-defense becomes an additional element of the offense that the prosecution has to disprove beyond a reasonable doubt." *Castillo v. People*, 2018 CO 62, ¶ 39, 421 P.3d 1141, 1148.  Thus, unanimity on each element of a traverse is unnecessary, as the Texas court

determined, because a guilty verdict implicitly rejects self-defense under Texas law.

¶ 28    Accordingly, we conclude that the trial court abused its discretion in permitting the prosecution to prove felony menacing without instructing the jury that it must unanimously agree on which exception to self-defense it relied.

¶ 29    However, our analysis does not end here. Since the error is of constitutional magnitude, the constitutional harmless error standard of reversal applies. We reverse the trial court's judgment unless we are confident beyond a reasonable doubt that the error did not contribute to the conviction. *Bernal v. People*, 44 P.3d 184, 200 (Colo. 2002). Although the People argue that the instructional error was harmless beyond a reasonable doubt, we disagree.

¶ 30    As the juror's question suggests, some jurors may have believed Mosely was the initial aggressor, while others may have believed that he goaded members of the bachelor party into fighting with him. Accordingly, we conclude that the trial court's answer to the juror's instruction was not harmless beyond a reasonable doubt and the jury's menacing conviction cannot stand.

15

## E. Instructions on Remand

¶ 31    On retrial, provided that the same or similar evidence is presented, the trial court may instruct the jurors on self-defense and must give the standard unanimity instruction. The jurors may also be instructed regarding the self-defense exceptions of provocation and initial aggressor. However, if the prosecution argues the applicability of both exceptions, the trial court in its discretion may also provide the jurors with special verdict forms indicating whether they unanimously agree that the prosecution disproved one exception or the other or neither. The trial court may also give special verdict forms on the first two elements of self-defense, whether Mosely reasonably believed physical force was necessary and whether he used a degree of force which he reasonably believed was necessary under the circumstances.

## III. Res Gestae Evidence

¶ 32    Mosely contends that the trial court erred in admitting as res gestae evidence an incident that took place inside the strip club before the altercation at issue. Because this issue applies to

16

Mosely's second degree assault conviction and may arise on retrial of the felony menacing charge, we address it now. We disagree.

### A. Relevant Facts

¶ 33    Over Mosely's objection, the trial court admitted evidence of his conduct inside the strip club as res gestae evidence of the charged offenses. The prosecutor's offer of proof explained that an initial altercation inside the strip club caused by Mosely "being rude or hitting on a female patron who happened to be the wife of another patron" provided context for the charged crimes. The prosecutor supported this explanation by asserting that, after the altercation, security personnel asked Mosely to leave the club, and he became confrontational and aggressive. Moreover, Mosely told detectives that he believed the bachelor party was the same group he confronted inside the strip club. The prosecutor argued that, because Mosely believed the incidents were related and his aggression — though not physical — was similar to the aggression exhibited toward the bachelor party, the evidence was res gestae.

¶ 34    The trial court agreed with the prosecutor's arguments, concluding that Mosely's conduct in the strip club contextualized the altercation in the parking lot.

## B.  Standard of Review

¶ 35    We affirm a trial court's evidentiary rulings absent an abuse of discretion.  *People v. Zapata*, 2016 COA 75M, ¶ 37, 443 P.3d 78, 84, *aff'd*, 2018 CO 82, 428 P.3d 517.  We only discern an abuse of discretion where the trial court rendered a manifestly arbitrary, unreasonable, or unfair decision, or it misapplied the law.  *People v. Jefferson*, 2017 CO 35, ¶ 25, 393 P.3d 493, 498-99.

## C.  Applicable Law

¶ 36    We review the admissibility of relevant res gestae evidence assuming the maximum probative value of the evidence and the minimum unfair prejudice reasonably expected by its introduction.  *People v. Gladney*, 250 P.3d 762, 768 (Colo. App. 2010).  When, as here, a defendant has preserved an objection to the admission of evidence, we review for harmless error.  *See Yusem v. People*, 210 P.3d 458, 469 (Colo. 2009); *People v. Reed*, 2013 COA 113, ¶ 32, 338 P.3d 364, 370.  Under this standard, the prosecution must

prove that any error did not affect the defendant's substantial

rights.  *James v. People*, 2018 CO 72,  ¶¶ 18-19, 426 P.3d 336,

340-41.

¶ 37    Res gestae evidence is

> matter incidental to the main fact and
> explanatory of it, including acts and words
> which are so closely connected therewith as to
> constitute a part of the transaction, and
> without a knowledge of which the main fact
> might not be properly understood.  They
> are . . . the circumstances, facts and
> declarations which grow out of the main fact,
> are contemporaneous with it and serve to
> illustrate its character.

*Woertman v. People*, 804 P.2d 188, 190 n.3 (Colo. 1991) (quoting

*Martinez v. People*, 55 Colo. 51, 53-54, 132 P. 64, 65 (1913)).  Trial

courts may admit res gestae evidence to provide context and a fuller

understanding of the conditions attendant to the charged crime.

*People v. Quintana*, 882 P.2d 1366, 1373 (Colo. 1994).  It is

generally so intertwined with the time and circumstances of the

offense that its exclusion would leave a void in the account.  *Id.*

However, res gestae evidence may be excluded if its probative value

is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury. *See* CRE 403; *Gladney*, 250 P.3d at 768.

## D. Prior Incident

¶ 38 Mosely's belief that the bachelor party members who entered the parking lot after leaving the strip club were related to the group he encountered inside the strip club supports the trial court's ruling. Importantly, the two incidents were estimated to have taken place between ten and twenty minutes apart, and the evidence was relevant to establish the character of Mosely's actions. *See Quintana*, 882 P.2d at 1374. Thus, evidence of his aggression, though not physical, toward the group inside the strip club could reasonably be expected to aid the jury's understanding of the circumstances surrounding the charged offenses. For instance, it explained why Mosely left the strip club and gave the jury some idea of why he verbally confronted the bachelor party members in the parking lot.

## E. Racial Animus

¶ 39 Mosely contends that the court erred in allowing testimony describing the altercation in the club as occurring between two

black men and a group of "Latin gentlemen and females." He argues that such evidence was not res gestae and, instead, injected racial bias in order to gain traction with the jury. We disagree.

¶ 40 On appeal, Mosely contends that the "focus on [Mosely], who is African American, 'coming on' to a group of married women not of his race harkened back to the historically-rooted animus toward black men relating to nonblack women." However, the People point out that the prosecutor did not highlight racial differences between the groups in opening or closing arguments and, instead, relied on the description only to identify the parties involved in the incident.[4]

¶ 41 We note that Mosely rests his argument on a mistaken premise, asserting that the above testimony was an appeal to racial prejudice. However, the present case does not parallel the circumstances presented in *People v. Robinson*, 2017 COA 128M, ¶ 17, __ P.3d___, ___ (*cert. granted*, June 11, 2018), in which a division of our court concluded that "the prosecutor's words

---

[4] We recognize that while these terms were used to identify the two groups, they are not necessarily accurate. Some Hispanic individuals are also black, and other Hispanics may appear to be white.

invoked some of the most damaging historical racial stereotypes" when the prosecutor said,

> You're going to hear that [one of the victims, A.M.,] is white. And she's actually pretty pasty. She's pasty white. And you obviously have seen Mr. Robinson is dark. He is an African American of dark complexion. [The other victim, E.G.,] looks over and she can see a dark penis going into a white body. That's how graphic she could see [sic].

*Id.* at ¶ 1, ___ P.3d at ___.

¶ 42    In any event, the brief testimony concerning race only identified the parties involved in the incident inside the strip club. Importantly, the prosecutor did not embellish the eyewitnesses' racial identification during opening or closing statements. Nor did the prosecutor suggest any racial bias in two black males "hitting on" females of another race. Therefore, we cannot conclude that the jury could have perceived the witnesses' testimony as provoking racial animus.

¶ 43    We conclude that any probative value in admitting testimony identifying the races of the parties involved in the initial incident was not substantially outweighed by any prejudicial effect.

## IV. Conclusion

¶ 44    Accordingly, the judgment for felony menacing is reversed, the second degree assault conviction is affirmed, and the case is remanded for a new trial on the conviction for felony menacing.

JUDGE HAWTHORNE and JUDGE GROVE concur.