488 P.3d 1074
The PEOPLE of the State of Colorado, Petitioner,
v.Clarence MOSELY, Respondent.
Supreme Court Case No. 19SC819 Supreme Court of Colorado.
June 7, 2021
Attorneys for Petitioner: Philip J. Weiser, Attorney General, Gabriel P. Olivares, Assistant Attorney General, Denver, Colorado
Attorneys for Respondent: Megan A. Ring, Public Defender, Meredith E. O'Harris, Deputy Public Defender, Denver, Colorado
En Banc
JUSTICE MÁRQUEZ delivered the Opinion of the Court. ¶1 To convict a criminal defendant in Colorado, a jury must unanimously agree that the prosecution has proven the elements of the charged offense beyond a reasonable doubt. And where a defendant raises self-defense as an affirmative defense to the charged crime, it becomes an additional element that the prosecution bears the same burden of disproving. To do so, the prosecution may disprove at least one of the two conditions of self-defense: that the defendant (1) used physical force to defend himself or a third person from what he reasonably believed to be the use or imminent use of unlawful physical force from another person, or (2) used a degree of force that he reasonably believed to be necessary for that purpose. Alternatively, the prosecution may prove beyond a reasonable doubt that an exception to self-defense applies—for example, that the defendant provoked the use of unlawful physical force, or that the defendant was the initial aggressor. In this case, we consider whether a jury must unanimously agree on which component of self-defense the prosecution has disproven.
¶2 We conclude that, because a defendant has a right only to a unanimous general verdict, the jury need not unanimously agree on the specific reason that self-defense was disproven, so long as it unanimously agrees that the prosecution disproved self-defense beyond a reasonable doubt. Because the division below concluded otherwise, we reverse the judgment of the court of appeals and remand for reinstatement of the defendant's conviction.
I. Facts and Procedural History
¶3 In February 2015, off-duty police officers working as security removed Clarence Mosely from a strip club for engaging in aggressive behavior with other patrons. Mosely continued to be confrontational as he was ejected and then remained in the parking lot.
¶4 Ten to twenty minutes later, at around 1 a.m., the victim, T.K., left the club with a group of men celebrating a bachelor party. Neither T.K. nor other members of the group had been involved in the earlier altercation inside the club, though Mosely later told a detective that he was "more than sure" that T.K.'s group was affiliated with the group inside. When a member of the group got into a verbal disagreement with Mosely, T.K. intervened to separate the two, and a fight erupted. During the fight, Mosely stabbed T.K. in the abdomen with a small folding knife. Other members of the group restrained and purportedly hit Mosely until club security gained control of the situation.
¶5 The People charged Mosely with one count of first degree assault, one count of felony menacing, and two crime-of-violence enhancers. At trial, Mosely raised the affirmative defense of self-defense. The court instructed the jury that self-defense was an affirmative defense to both first degree assault and felony menacing, and that an element of each offense was "that the defendant's conduct was not legally authorized by the affirmative defense [of self-defense]."
¶6 The trial court then instructed the jury on the conditions of self-defense as well as the provocation and initial aggressor exceptions:
The defendant was legally authorized to use physical force upon another person without first retreating if:
1. he used that physical force in order to defend himself or a third person from what he reasonably believed to be the use or imminent use of unlawful physical force by that other person, and
2. he used a degree of force which he reasonably believed to be necessary for that purpose, and
3. he did not, with intent to cause bodily injury or death to another person, provoke the use of unlawful physical force by that other person, and
4. he was not the initial aggressor, or, if he was the initial aggressor, he had withdrawn from the encounter and effectively communicated to the other person his intent to do so, and the other person nevertheless continued or threatened the use of unlawful physical force.
¶7 The court also instructed the jury on the prosecution's burden with respect to self-defense:
The prosecution has the burden to prove, beyond a reasonable doubt, that the defendant's conduct was not legally authorized by this defense. In order to meet this burden of proof, the prosecution must disprove, beyond a reasonable doubt, at least one of the above numbered conditions.
After considering all the evidence, if you decide the prosecution has failed to meet this burden of proof, then the prosecution has failed to prove the defendant's conduct was not legally authorized by this defense, which is an essential element of the crimes of Assault in the First Degree and Menacing. In that event, you must return a verdict of not guilty of those offenses.
After considering all the evidence, if you decide the prosecution has met this burden of proof, then the prosecution has proved the defendant's conduct was not legally authorized by this defense.
In that event, your verdict concerning the charge of Assault in the First Degree and the charge of Menacing must depend upon your determination whether the prosecution has met its burden of proof with respect to the remaining elements of each of those offenses.
(Emphasis added.)
¶8 Finally, the court separately instructed the jury that "[t]he verdict for each charge ... must be unanimous. In other words, all [jurors] must agree to all parts of it." (Emphasis added.)
¶9 During deliberations, the jury asked the court to clarify whether it was required to unanimously agree on how self-defense was disproved:
With regard to [the self-defense instruction,] [d]o we have to unanimously agree on at least one of the factors, e.g., number 1, or do we need to unanimously agree that individually at least one of the factors, 1 through 4, was disproved?
Over Mosely's objection, the trial court responded:
In order for you to decide that the prosecution has met its burden of proof with respect to the affirmative defense of defense of person or self-defense, you have to unanimously agree that the prosecution has disproven at least one of the numbered conditions. However, there is no requirement that you unanimously agree on which numbered condition or conditions have been disproven.
(Emphasis added.)
¶10 The jury convicted Mosely of a lesser-included offense of second degree assault, felony menacing, and both crime-of-violence counts. The trial court sentenced Mosely to a total of nine years in prison.
¶11 Mosely appealed his convictions, contending, among other things, that the district court violated his due process rights when it instructed the jurors that they need not unanimously agree on how the prosecution disproved Mosely's affirmative defense of self-defense. A division of the court of appeals agreed and reversed Mosely's felony menacing conviction, remanding to the district court for a new trial and recommending that the trial court consider giving the jury special verdict forms to indicate how it believed the prosecution disproved self-defense. People v. Mosely, 2019 COA 143, ¶ 1, 487 P.3d 1157. However, the division affirmed Mosely's conviction for second degree assault, noting that the instruction did not apply to that charge. Id.
¶12 We granted the People's petition for writ of certiorari review.1 II. Analysis
¶13 We begin by describing the requirement under Colorado law for a unanimous jury verdict to convict. We then discuss the interplay between the unanimity requirement and the affirmative defense of self-defense. Finally, we conclude that a jury need not unanimously agree on which component of self-defense the prosecution disproved beyond a reasonable doubt and thus that the jury instructions here were appropriate.
A. Due Process Does Not Require Jury Unanimity on the Specific Reason Self-Defense Was Disproven Beyond a Reasonable Doubt
1. The Unanimity Requirement ¶14 In Colorado, a jury verdict to convict must be unanimous. § 16-10-108, C.R.S. (2020); Crim. P. 31(a)(3) ; People v. Wester-Gravelle, 2020 CO 64, ¶ 30, 465 P.3d 570, 575 ("[A] Colorado criminal defendant is entitled to a unanimous jury verdict."). However, we have repeatedly clarified that "unanimity in a verdict is required ... ‘only with respect to the ultimate issue of the defendant's guilt or innocence of the crime charged and not with respect to alternative means by which the crime was committed.’ " People v. Archuleta, 2020 CO 63M, ¶ 20, 467 P.3d 307, 311 (quoting People v. Taggart, 621 P.2d 1375, 1387 n.5 (Colo. 1981) ); see also Taggart, 621 P.2d at 1387 (holding that a general verdict of guilty did not deprive the defendant of his right to a unanimous verdict where the court instructed the jury that the crime could be committed in alternative ways). ¶15 Thus, while jurors must unanimously agree on the elements of the charged offense, due process does not require the jury to unanimously agree on the " ‘several possible sets of underlying brute facts [that] make up a particular element’ or ‘[the] several possible means the defendant used to commit an element of the crime.’ " Archuleta , ¶ 20, 467 P.3d at 311 (quoting Richardson v. United States , 526 U.S. 813, 817, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) ).2 As Justice Scalia once explained,
it has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission. That rule is not only constitutional, it is probably indispensable in a system that requires a unanimous jury verdict to convict. When a woman's charred body has been found in a burned house, and there is ample evidence that the defendant set out to kill her, it would be absurd to set him free because six jurors believe he strangled her to death (and caused the fire accidentally in his hasty escape), while six others believe he left her unconscious and set the fire to kill her . Schad v. Arizona, 501 U.S. 624, 649-50, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (Scalia, J., concurring) (emphasis added) (citations omitted). ¶16 In short, different theories of liability or guilt are tolerated so long as the prosecution presented sufficient proof for at least one theory. See People v. Harrison, 2020 CO 57, ¶ 34, 465 P.3d 16, 23 (holding that the prosecution must disprove beyond a reasonable doubt at least one of the conditions of the affirmative defense but not all of them).
2. Unanimity and Self-Defense
¶17 Self-defense is an affirmative defense codified in section 18-1-704, C.R.S. (2020). Where an affirmative defense is raised, "the guilt of the defendant must be established beyond a reasonable doubt as to that issue as well as all other elements of the offense." § 18-1-407(2), C.R.S. (2020). In other words, "the affirmative defense effectively becomes an additional element [of the charged offense] ... that the prosecution bears the burden of [dis]proving beyond a reasonable doubt." People v. Pickering, 276 P.3d 553, 555 (Colo. 2011) (emphasis added).3 ¶18 The prosecution may disprove self-defense by disproving
beyond a reasonable doubt at least one of the two conditions of the defense: (1) that the defendant used physical force in order to defend himself or a third person from what he reasonably believed to be the use or imminent use of unlawful physical force by another person; or (2) that the defendant used a degree of force which he reasonably believed to be necessary for that purpose. Galvan v. People, 2020 CO 82, ¶ 22, 476 P.3d 746, 753. Alternatively, the People can "prove beyond a reasonable doubt that an exception to self-defense applies." Id. at ¶ 22, 476 P.3d at 753-54 (quoting Castillo v. People , 2018 CO 62, ¶ 40, 421 P.3d 1141, 1148 ).4 Relevant here, those exceptions include where the defendant, with intent to cause bodily injury or death to another person, provokes the use of unlawful physical force by that other person, or was the initial aggressor. See § 18-1-704(3)(a)-(b). ¶19 Because a defendant has a right only to a unanimous general verdict and the jury need not unanimously agree on the means by which a particular element of an offense has been established, and because self-defense is treated as an additional element that the prosecution bears the burden of disproving, we conclude that the jury need not unanimously agree on the means by which self-defense is disproved. In other words, so long as the jury unanimously agrees that self-defense was disproven beyond a reasonable doubt, it need not be unanimous as to the specific reason. Some members of the jury might believe that the People disproved one of the two necessary conditions for the defense. Others might believe that the People established one of the two exceptions to the defense. But so long as all jurors conclude that self-defense was disproven beyond a reasonable doubt, that is all that due process requires.
B. Application ¶20 To establish that Mosely was guilty of felony menacing, the prosecution needed to prove beyond a reasonable doubt all elements of the offense. Additionally, the prosecution had to disprove the affirmative defense of self-defense. Here, the jury was instructed that the prosecution needed to disprove at least one of the four components of self-defense. It was also instructed that its verdict on the charge must be unanimous. In response to a jury question on whether it needed to unanimously agree on which component of self-defense was disproved, the trial court clarified that there was "no requirement that [the jury] unanimously agree on which ... condition or conditions [of self-defense] have been disproven." We conclude that this instruction comported with this court's precedent on unanimity and due process.
¶21 By its guilty verdict, the jury necessarily unanimously found that the prosecution proved beyond a reasonable doubt that Mosely did not act in self-defense when it found that he was guilty of the crime. Thus, consistent with Archuleta, the jury unanimously agreed with the broader guilty verdict. At most, the jury possibly disagreed over the alternative theories for why self-defense was not justified—that Mosely provoked the victim or that Mosely was the initial aggressor.5 See Archuleta, ¶ 20, 467 P.3d at 311 ("Unanimity in a verdict is required ... ‘only with respect to the ultimate issue of the defendant's guilt or innocence of the crime charged and not with respect to the alternative means by which the crime was committed.’ " (quoting Taggart , 621 P.2d at 1387 n.5 )). Due process required no additional findings from the jury to convict Mosely of felony menacing. See People v. Dunaway , 88 P.3d 619, 631 (Colo. 2004) (holding that due process did not require alternative theories presented to the jury to be proved beyond a reasonable doubt, provided evidence was sufficient to support a conviction on one theory).6 ¶22 Mosely also contends (and the court of appeals agreed) that the provocation and initial aggressor exceptions are mutually exclusive and therefore require the jury to unanimously agree on which one applies. See Mosely , ¶¶ 21-22. But we have disallowed mutually exclusive jury findings only with respect to inconsistent guilty verdicts, not with respect to alternative means of committing a single offense. See People v. Frye, 898 P.2d 559, 569 n.13 (Colo. 1995) (clarifying that, where a jury has returned guilty verdicts convicting a defendant of two or more crimes and the element of one crime negates the existence of a necessary element of the other crime, the verdicts are legally and logically inconsistent and should not be sustained). Here, we need not resolve whether the two exceptions are in fact mutually exclusive because jury unanimity on the components of self-defense is not required under this court's precedent. ¶23 But even assuming the provocation and initial aggressor exceptions to self-defense are mutually exclusive, reasonable members of the jury may disagree over which exception applies in light of equally persuasive but conflicting evidence. For example, in a melee such as in this case, there may be contradictory evidence about who attacked first, causing jurors to disagree over which exception applies. But where—as here—the jury unanimously agreed that self-defense was not justified, "it would be absurd" to set the defendant free merely because the jury disagreed about whether the victim acted first in response to being provoked by the defendant or whether the defendant was the initial aggressor. See Schad, 501 U.S. at 650, 111 S.Ct. 2491 (Scalia, J., concurring). Even if such a disagreement occurred here, the jury's guilty verdict established that they all agreed that the prosecution disproved self-defense, and that is all due process requires.7 III. Conclusion
¶24 Because a jury must unanimously agree only on whether, but not how, each element of a charged offense was established, and because self-defense is treated as an additional element that the prosecution bears the burden of disproving, we conclude that the jury need not unanimously agree on the means by which self-defense is disproved so long as the jury unanimously agrees that self-defense was disproven beyond a reasonable doubt. Accordingly, we conclude that Mosely was not entitled to a unanimity instruction on the components of self-defense. We therefore reverse the judgment of the court of appeals and remand for reinstatement of Mosely's conviction for felony menacing.
JUSTICE SAMOUR does not participate.
1 We granted certiorari to review the following issue:
Whether the court of appeals erred in holding that a jury must unanimously agree which component of self-defense the prosecution disproved beyond a reasonable doubt.
2 Several courts have reached similar conclusions. See Mathis v. United States, ––– U.S. ––––, 136 S. Ct. 2243, 2256, 195 L.Ed.2d 604 (2016) ("The listed premises in Iowa's burglary law ... are ‘alternative method[s]’ of committing one offense, so that a jury need not agree whether the burgled location was a building, other structure, or vehicle." (alteration in original) (quoting State v. Duncan, 312 N.W.2d 519, 523 (Iowa 1981) )); Schad v. Arizona, 501 U.S. 624, 643-45, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality opinion) (requiring jury unanimity on "inherently separate offenses" but not on separate means for the same offense), abrogation on other grounds recognized in Edwards v. Vannoy , ––– U.S. ––––, 141 S. Ct. 1547, 1556 n.4, ––– L.Ed.2d –––– (2021) ; Thomas v. Meko, 915 F.3d 1071, 1075 (6th Cir. 2019) (concluding that "due process does not require the jurors' findings as to alternative means for an element to be factually consistent with each other"); United States v. Griggs, 569 F.3d 341, 343 (7th Cir. 2009) ("The law distinguishes between the elements of a crime, as to which the jury must be unanimous, and the means by which the crime is committed."); State v. Armstrong, 188 Wash.2d 333, 394 P.3d 373, 377 (2017) ("Criminal defendants have a right to a unanimous jury verdict in Washington," but, "in alternative means cases, where substantial evidence supports both alternative means submitted to the jury, unanimity as to the means is not required."); State v. Ihle, 640 N.W.2d 910, 917-19 (Minn. 2002) (holding that a jury's failure to unanimously agree on which act comprised the elements of the offense did not result in a due process violation to the defendant where the acts were committed in a single incident); State v. Armengau, 93 N.E.3d 284, 303-04 (Ohio Ct. App. 2017) ("[U]nanimity is not required on the manner in which each element is satisfied in an ‘alternative means’ case."); State v. Saunders, 992 P.2d 951, 966 n.3 (Utah 1999) (clarifying that a "jury need not unanimously agree on which of three possible formulations of the necessary mens rea had been proved as long as all jurors agreed that at least one of the three had been proved"); People v. Vigil, 251 P.3d 442, 447 (Colo. App. 2010) ("Generally, jurors need not agree about the evidence or theory by which a particular element is established.").
3 We first established this requirement in Becksted v. People, 133 Colo. 72, 292 P.2d 189, 195 (1956), where we explained that "[i]f affirmative defenses such as self[-]defense ... are presented[,] the issues thereon are tried as part of the criminal case, and if any such defense raises in the mind of a jury a reasonable doubt as to the defendant's guilt he should be acquitted." We later held that a statute imposing upon a defendant, rather than the prosecution, the burden of proving by a preponderance of evidence the affirmative defense of insanity violates due process. See People ex rel. Juhan v. Dist. Ct., 165 Colo. 253, 439 P.2d 741, 743 (1968).
4 Because the prosecution must negate only one component of self-defense to disprove the affirmative defense, and not all four, we reject Mosely's argument that the components of self-defense are better described as principal factual elements, for which due process requires jury unanimity, than as alternative means. Compare In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (holding that due process requires proof beyond a reasonable doubt of every "fact necessary to constitute the crime with which [the defendant] is charged" (emphasis added)), with Schad, 501 U.S. at 630-31, 111 S.Ct. 2491 (determining that due process did not require a jury to agree on one of the alternative theories of premeditated and felony murder).
5 There is no indication from the verdict itself that the jurors disagreed over which exception applied; such possible disagreement is simply an inference Mosely would have us draw from the jury's question.
6 We reject Mosely's contention that the trial court's supplemental instruction, clarifying that the jury need not be unanimous as to which component of self-defense the prosecution disproved, improperly contradicted the plain language of the other jury instructions requiring unanimity as to the verdict and all parts of it. Because the original instructions never explicitly stated that the jury must unanimously agree on the basis for rejecting self-defense, the supplemental instruction merely clarified what the court meant by "all parts of" the verdict and thus satisfied the court's obligation. See Leonardo v. People , 728 P.2d 1252, 1256 (Colo. 1986) ("[W]hen the jury indicates to the judge that it does not understand an element of the offense charged or some other matter of law ..., the judge has an obligation to clarify that matter for the jury in a concrete and unambiguous manner.").
7 We reject Mosely's contention that he was entitled to a special jury instruction requiring unanimity on which of multiple acts occurred, any one of which would constitute the offense charged. Mosely was charged with crimes based on a single incident, and this court has made clear that "[w]hen a defendant is charged with crimes occurring in a single transaction, ... the prosecution does not have to elect among the acts that constitute the crime." Melina v. People, 161 P.3d 635, 639 (Colo. 2007).