The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
August 20, 2020

## 2020COA123

**No. 16CA1993, *People v. Luna* — Children's Code — Direct Filing; Criminal Law — Jury Instructions — Self-Defense**

In this appeal of a juvenile's conviction under the direct-file statute, § 19-2-517, C.R.S. 2019, a division of the court of appeals concludes that the district court improperly instructed the jury regarding the applicability of self-defense to alleged reckless conduct.  The division also concludes that, as a juvenile, the defendant was not entitled to have the jury instructed with a "reasonable child" instruction for his claim of self-defense.

COLORADO COURT OF APPEALS                                    2020COA123

Court of Appeals No. 16CA1993
Adams County District Court No. 15CR2757
Honorable Thomas R. Ensor, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jorge Alejandro Luna,

Defendant-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE TERRY
Freyre and Lipinsky, JJ., concur

Announced August 20, 2020

Philip J. Weiser, Attorney General, Gabriel P. Olivares, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Casey M. Klekas, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    In this appeal of a juvenile's conviction under the direct-file statute, § 19-2-517, C.R.S. 2019, we address a problem originally discussed in *People v. McClelland*, 2015 COA 1.  As in that case, we conclude that the district court's instruction to the jury improperly described self-defense in the context of alleged reckless conduct. We also consider and reject the argument that, as a juvenile, defendant, Jorge Alejandro Luna, was entitled to have the jury instructed with a "reasonable child" instruction.

¶ 2    Luna appeals the judgment of conviction entered on jury verdicts finding him guilty of attempted reckless manslaughter and second degree assault (heat of passion), and also appeals the restitution order.  We reverse the conviction and remand for a new trial.

## I.    Background

¶ 3    Luna, a juvenile at the time, was living with T.M.  Luna was at home when T.M. and her boyfriend, J.P. (the victim), arrived intoxicated.  After T.M. went upstairs, J.P. approached Luna to speak to him about picking up after himself.

¶ 4    J.P. testified that he had no memory of the events that took place after he spoke with Luna, and that he woke up with nine stab

wounds. Luna fled the scene but turned himself in to authorities weeks later.

¶ 5    The prosecution charged Luna with one count of attempted first degree murder, one count of first degree assault, and two crime of violence counts. Luna was just under age eighteen at the time of the charged incident, and the prosecution successfully moved to have the case direct-filed against him in district court under section 19-2-517, allowing him to be tried as an adult.

¶ 6    Luna testified at trial that he stabbed J.P. in self-defense after J.P. physically assaulted him multiple times. The jury acquitted him of attempted first degree murder and first degree assault but found him guilty of the lesser charges of attempted reckless manslaughter and second degree assault (heat of passion).

## II.    The Court's Self-Defense Instruction

¶ 7    The trial court crafted its own self-defense instruction, which it gave at trial. Luna argues that the court's self-defense instruction was contradictory and misstated the law of self-defense as it applies to crimes requiring recklessness, extreme indifference, or criminal negligence. We agree.

## A. Standard of Review and Applicable Law

¶ 8     We review jury instructions de novo to determine whether the instructions as a whole accurately informed the jury of the governing law. *People v. Sandoval*, 2018 COA 156, ¶ 11.

¶ 9     Because Luna did not object to the court's self-defense instruction, we will reverse only if any error was plain. *Hoggard v. People*, 2020 CO 54, ¶ 13. For an error to be deemed plain, it must be both obvious and substantial. To be substantial, the error must so undermine the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Id.*

¶ 10    Generally speaking, there are two types of defenses to a criminal charge: (1) affirmative defenses, which seek to justify, excuse, or mitigate the commission of the act; and (2) traverses, which effectively refute the possibility that the defendant committed the charged act by negating an element of the offense. *People v. Pickering*, 276 P.3d 553, 555 (Colo. 2011).

¶ 11    Self-defense is an affirmative defense to crimes requiring proof of intent, knowledge, or willfulness. If a defendant charged with such a crime raises credible evidence that he acted in self-defense, the trial court must instruct the jury that the prosecution has the

3

burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. *Id.* at 556. However, "[w]ith respect to crimes requiring recklessness, criminal negligence, or extreme indifference, . . . self-defense is not an affirmative defense, but rather an element-negating traverse." *Id.* In such cases, the defendant is not entitled to a jury instruction on self-defense as an affirmative defense. *Id.* at 555-56. This is because it is impossible for a person to act both recklessly and in self-defense. *Id.* at 556. Self-defense requires one to act justifiably, *see* § 18-1-704(1), C.R.S. 2019, while recklessness requires one to act with conscious disregard of an unjustifiable risk, *see* § 18-1-501(8), C.R.S. 2019.

¶ 12    Section 18-1-704(4) applies when a defendant who is charged with a crime involving recklessness, criminal negligence, or extreme indifference presents evidence of self-defense. It provides:

> In a case in which the defendant is not entitled to a jury instruction regarding self-defense as an affirmative defense, the court shall allow the defendant to present evidence, when relevant, that he or she was acting in self-defense. If the defendant presents evidence of self-defense, the court shall instruct the jury with a self-defense law instruction. The court shall instruct the jury that it may consider the evidence of self-defense in determining whether the

4

defendant acted recklessly, with extreme indifference, or in a criminally negligent manner. However, the self-defense law instruction shall not be an affirmative defense instruction and the prosecuting attorney shall not have the burden of disproving self-defense.

§ 18-1-704(4).

¶ 13     Our supreme court has concluded that an instruction informing the jury that the prosecution bears no burden of disproving self-defense with respect to crimes involving recklessness, extreme indifference, or criminal negligence is an accurate statement of the law and does not improperly shift the burden to a criminal defendant to prove one of those mental states. *Pickering*, 276 P.3d at 557.

### B.     Analysis

¶ 14     The court's self-defense instruction was almost two pages long. It informed the jury that the evidence in the case had raised the affirmative defense of self-defense and it outlined the elements of self-defense. As pertinent here, the instruction also said the following:

> *These affirmative defenses do not apply to the crimes of Attempted reckless Manslaughter, Second Degree Assault done Recklessly or* Third Degree Assault done with Criminal

Negligence. *You may, however, consider the evidence presented in determining whether the prosecution has proven, beyond a reasonable doubt, the culpable mental states of "Recklessly" or "Criminally Negligen[t]" which* are required for the commission of those offenses. *If the defendant acted in self-defense, then he cannot be found guilty of "Reckless" conduct or "Criminally Negligent" conduct.*

The prosecution has the burden to prove, beyond a reasonable doubt, that the Defendant's conduct was not legally authorized by these defenses. In order to meet this burden of proof, the prosecution must disprove, beyond a reasonable doubt, at least one of the above numbered conditions.

After considering all the evidence, if you decide the prosecution has failed to meet this burden of proof, then the prosecution has failed to prove the Defendant's conduct was not legally authorized by these defenses, which is an essential element of Attempted First Degree Murder, Attempted Second Degree Murder, and First Degree Assault. In that event, you must find that the defendant did not commit the crimes of Attempted First Degree Murder, Attempted Second Degree Murder, and First Degree Assault.

After considering all the evidence, if you decide the prosecution has met this burden of proof, then the prosecution has proved that the Defendant's conduct was not legally authorized by this defense. In that event, your verdicts concerning the charges of Attempted First Degree Murder, Attempted Second Degree Murder, Attempted Manslaughter, First Degree Assault, Second Degree Assault done Recklessly and Third Degree Assault done with Criminal Negligence, must depend on your

6

> determination whether the prosecution has met its burden of proof with respect to the remaining elements of those offenses.

(Emphasis added.) Neither Luna's counsel nor the prosecutor objected to the court's instruction.

¶ 15 We conclude that the court's self-defense instruction constituted plain error in light of *McClelland*, ¶ 24 (because the reckless manslaughter instruction directed the jury not to apply the instruction that explained the legal meaning of self-defense, the jury received no guidance as to the meaning of self-defense with respect to the offense of reckless manslaughter).

¶ 16 The court's instruction was self-contradictory. On the one hand, it correctly instructed that, if Luna acted in self-defense, then he could not be found guilty of "reckless" or "criminally negligent" conduct. But on the other hand, it told jurors that the affirmative defense of self-defense does not apply to attempted reckless manslaughter or to second degree assault "done recklessly." And while it is technically correct that *the affirmative defense* of self-defense does not apply to those charges, no attempt was made to explain the fine, but significant, distinction between an "affirmative defense" and a traverse.

¶ 17    This is similar to the error that resulted in reversal in

*McClelland.  See id.* (reversal was required where instruction

"informed the jury that, when considering the charge of reckless

manslaughter, it could consider 'evidence of self-defense,' while

simultaneously advising it that . . . the only jury instruction

describing the law of self-defense in Colorado . . . did not apply").

*McClelland* held that by instructing the jury that the affirmative

defense of self-defense "did not apply" to crimes of recklessness, the

instruction conflicted with section 18-1-704(4)'s requirement that

the trial court give the jury a self-defense instruction that outlines

the elements of self-defense law.  *Id.*  It held this way because such

an instruction could have deterred the jury from considering the

elements of self-defense when deciding whether the defendant acted

recklessly.  *See id.* at ¶ 32 (instructing the jury that the self-defense

instruction did not apply could have led the jurors to erroneously

conclude that the defendant had a duty to retreat).

¶ 18    The same problem is presented by the court's instructions

here.  Logically, jurors would have been unable to reconcile the

conflicting instructions they were given.  It is quite possible that

jurors simply concluded they did not need to consider all the

elements of self-defense when determining whether Luna committed the charged crimes recklessly or criminally negligently.

¶ 19 Because the instructional error contravened Colorado case law, we conclude that it was obvious. *See Scott v. People*, 2017 CO 16, ¶ 16; *see also People v. Bachofer*, 192 P.3d 454, 463 (Colo. App. 2008) (contradictory self-defense instructions are "plainly wrong").

¶ 20 We also conclude that the instructional error contributed to Luna's convictions. Luna admitted to stabbing J.P. but claimed that he did so in self-defense because he was being assaulted by J.P., who was a larger, very intoxicated adult. The issue of self-defense was therefore central to the case and a thorough understanding of self-defense law was required.

¶ 21 Moreover, the jury acquitted Luna of the knowing and intentional crimes of attempted first degree murder, attempted second degree murder, and first degree assault — all the counts for which the jury was properly instructed on the law of self-defense. In contrast, the jury convicted Luna of attempted reckless manslaughter and second degree assault (heat of passion) — counts for which the jury was not properly instructed on the law of self-defense.

¶ 22    This disparity replicates the circumstances in *McClelland*, ¶ 28 (instruction contributed to the defendant's conviction where the jury acquitted him of first and second degree murder — counts on which the trial court properly instructed the jury on self-defense — but found him guilty of reckless manslaughter, as to which the court failed to properly instruct on self-defense).

¶ 23    Because the instructional error seriously prejudiced Luna and was therefore substantial, we conclude that the error requires reversal.

### III.    The "Reasonable Child" Instruction

¶ 24    Luna next argues that the trial court erred by denying his tendered "reasonable child" instruction.  Because this issue is likely to arise on remand, we consider and reject his assertion.

### A.    Applicable Law

¶ 25    In evaluating the reasonableness of a defendant's belief in the need to take defensive action, a jury must consider the totality of the circumstances, including the perceptions of the defendant. *Kaufman v. People*, 202 P.3d 542, 551 (Colo. 2009).

¶ 26    Self-defense under section 18-1-704 takes into account both the reasonable belief and the actual belief of the defendant.  *People*

*v. Willner*, 879 P.2d 19, 22 (Colo. 1994). Although the affirmative defense of self-defense takes into account the actual belief or state of mind of a defendant, it ultimately requires that a reasonable person would have believed and acted as the defendant did. *People v. Vasquez*, 148 P.3d 326, 330 (Colo. App. 2006). In this context, a "reasonable person" means an objectively reasonable individual. *Id.*; *see also People v. Toler*, 981 P.2d 1096, 1099 (Colo. App. 1998) (court may properly refuse to give an instruction that calls only for a subjective test), *aff'd*, 9 P.3d 341 (Colo. 2000).

### B. Analysis

¶ 27    Luna's attorney tendered the following "reasonable child" instruction:

> In determining whether Jorge Luna acted reasonably, you are instructed that a reasonable child is defined as a reasonable child in Mr. Luna's situation and circumstances.
>
> Furthermore, in determining whether Mr. Luna reasonably believed that [the victim's] use of unlawful force was imminent, you must consider the circumstances surrounding Mr. Luna's actions as they appeared to him at the time and not with the benefit of hindsight.
>
> When assessing the reasonableness of Mr. Luna's beliefs, you should consider that children are generally less mature and responsible than adults, and often lack the

11

experience, intelligence, perspective, and judgment necessary to evaluate consequences and risks. These attributes/qualities of youth often result in impetuous and ill-considered actions and decisions.

¶ 28 Luna's attorney argued that the instruction was proper under *J.D.B. v. North Carolina*, 564 U.S. 261 (2011), which held that the lower court erred by applying the same standard of reasonableness to juveniles as for an adult in the context of the advisement required by *Miranda v. Arizona*, 384 U.S. 436 (1966). The court denied Luna's attorney's tendered instruction, concluding, without explanation, that *J.D.B.* was "not binding on this court" and that it did not deal specifically with this issue. The court noted that Luna's counsel could still argue the differences between adult and child culpability, but that the court would not give an instruction about those differences.

¶ 29 Luna contends that Supreme Court precedents that have distinguished the culpability of a juvenile from that of an adult require a jury to apply a reasonable child standard in evaluating a juvenile's actions when claiming self-defense. Luna, however, does not cite any authority to support his assertion that the reasonable child standard applies to self-defense claims asserted by juveniles.

¶ 30     *J.D.B.* does not discuss, let alone mandate, a reasonable child instruction — or any jury instruction, for that matter.  The case merely holds that, so long as a child's age is known or objectively apparent to a reasonable interrogating officer, the child's age should be considered as part of the analysis of whether the child was in custody for purposes of *Miranda.  J.D.B.*, 564 U.S. at 277.

¶ 31     Colorado's self-defense statute allows for consideration of the defendant's age and circumstances.  The statute requires the jury to consider whether the defendant *reasonably believed* and *did in fact believe* that he was in imminent danger.  § 18-1-704(2)(a).  It therefore allows a juvenile defendant to argue his subjective belief and the circumstances that formed that belief, including his age.

Because there is no basis under *J.D.B.* to create a "reasonable child" jury instruction, and because "it is the constitutional prerogative of the legislature to define crimes and to establish affirmative defenses for acts that might otherwise be criminal," *People v. Gilliland,* 769 P.2d 477, 480 (Colo. 1989), we decline to create such a standard out of whole cloth.

¶ 32     But we are not adopting any sort of rule that would prohibit a juvenile defendant from arguing that his age was a factor in

13

determining whether he reasonably believed he was entitled to act in self-defense. In our view, such a rule would be inconsistent with *J.D.B.* *See J.D.B.*, 564 U.S. at 277 (a child's age is a factor that courts cannot simply ignore).

¶ 33　　We conclude that the trial court did not err by denying Luna's "reasonable child" instruction.

¶ 34　　The self-defense instruction that was given properly instructed the jury to consider Luna's subjective state of mind and the totality of the circumstances. The instruction informed the jury that self-defense is proper when a person "has reasonable grounds for believing, *and does in fact actually believe* that there is imminent danger of injury," and that the jury was to "consider all of the circumstances surrounding the defendant's conduct which existed at the time of the act." This instruction sufficiently apprised the jury of the law of self-defense as it applied to Luna. *Cf. Beckett v. People*, 800 P.2d 74, 78-79 (Colo. 1990) (separate instruction on "apparent necessity" was not necessary, and court's instruction was sufficient where it allowed for use of self-defense based on what the defendant "reasonably believed").

## IV.  Other Issues

¶ 35    Luna also argues that the prosecutor committed misconduct and that the trial court erred by ordering restitution.  Because we do not anticipate these issues to arise again on retrial, we decline to address them.

## V.  Conclusion

¶ 36    The judgment of conviction is reversed, and the case is remanded for a new trial.

JUDGE FREYRE and JUDGE LIPINSKY concur.