24CA1099 Peo v Gonzales 05-07-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1099
Boulder County District Court No. 21CR2031
Honorable Monica Haenselman, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Anthony Hugo Gonzales,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE MOULTRIE
Dunn and Harris, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 7, 2026

Philip J. Weiser, Attorney General, Leo T. Nguyen, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

James West, Alternate Defense Counsel, Longmont, Colorado, for Defendant-Appellant

¶ 1     Defendant, Anthony Hugo Gonzales, appeals the judgment of conviction entered upon a jury verdict finding him guilty of two counts of second degree assault and one count each of first degree burglary and tampering with physical evidence.  He contends that the district court reversibly erred by (1) giving the jury a deficient instruction on the concepts of the presumption of innocence, the burden of proof, and reasonable doubt; and (2) inaccurately instructing the jury on the theory of self-defense.  We affirm.

## I.     Background

¶ 2     Gonzales and the victim were inmates in the Boulder County Jail at the time of the underlying incident.  Gonzales entered the victim's cell, and a physical altercation ensued.  As relevant to the charged offenses, the trial evidence revealed that Gonzales strangled the victim, broke his nose, and attempted to clean up the blood after the fight was over.  The victim suffered significant injuries, while Gonzales sustained minor wounds.

¶ 3     The State charged Gonzales with first degree assault (strangulation), second degree assault (causing bodily injury), first degree burglary, and tampering with physical evidence.  In addition to these charged offenses, the jury was also permitted to consider

1

second degree assault (strangulation), as a lesser included offense of first degree assault (strangulation), and third degree assault (reckless), as a lesser included offense of second degree assault (causing bodily injury).  Gonzales endorsed the defenses of general denial and self-defense.

¶ 4    The jury found Gonzales guilty of the lesser included offense of second degree assault (strangulation) and otherwise convicted him as charged.  The court sentenced Gonzales to an aggregate twenty-seven years in the custody of the Department of Corrections.

## II.    Standard of Review

¶ 5    A court has a duty to instruct the jury on all matters of law applicable to the case.  *Roberts v. People*, 2017 CO 76, ¶ 18.  "As long as the instruction properly informs the jury of the law, a trial court has broad discretion to determine the form and style of jury instructions."  *McDonald v. People*, 2021 CO 64, ¶ 54 (quoting *Day v. Johnson*, 255 P.3d 1064, 1067 (Colo. 2011)).  We review de novo the question of whether a court accurately instructed the jury on the law.  *Tibbels v. People*, 2022 CO 1, ¶ 22.

## III.    Reasonable Doubt Jury Instruction

¶ 6      In 2022, the Colorado Model Criminal Jury Instruction

defining the presumption of innocence, the burden of proof, and

reasonable doubt was substantially revised to read as follows:

> Every person charged with a crime is
> presumed innocent.  This presumption of
> innocence remains with the defendant
> throughout the trial and should be given effect
> by you unless, after considering all the
> evidence, you are convinced that the defendant
> is guilty beyond a reasonable doubt.
>
> The burden of proof in this case is upon the
> prosecution.  The prosecution must prove to
> the satisfaction of the jury beyond a
> reasonable doubt the existence of each and
> every element necessary to constitute the
> crime charged.  This burden requires more
> than proof that something is highly probable,
> but it does not require proof with absolute
> certainty.
>
> Proof beyond a reasonable doubt is proof that
> leaves you firmly convinced of the defendant's
> guilt.  If you are firmly convinced of the
> defendant's guilt, then the prosecution has
> proven the crime charged beyond a reasonable
> doubt.  But if you think there is a real
> possibility that the defendant is not guilty,
> then the prosecution has failed to prove the
> crime charged beyond a reasonable doubt.
>
> After considering all the evidence, if you decide
> the prosecution has proven each of the
> elements of a crime charged beyond a

> reasonable doubt, you should find the
> defendant guilty of that crime.
>
> After considering all the evidence, if you decide
> the prosecution has failed to prove any one or
> more of the elements of a crime charged
> beyond a reasonable doubt, you should find
> the defendant not guilty of that crime.

COLJI-Crim. E:03 (2022).

¶ 7 At trial, Gonzales objected to using the 2022 model instruction, generally asserting that the amended language lowered the prosecution's burden of proof. The court overruled the objection.

¶ 8 On appeal, Gonzales argues that the court reversibly erred by giving the 2022 model instruction because the language "firmly convinced of the defendant's guilt" and "real possibility that the defendant is not guilty" lowered the prosecution's burden of proof.

¶ 9 Prior divisions of this court have considered similar challenges to the 2022 model instruction and concluded the 2022 instruction

doesn't lower the prosecution's burden of proof.[1]  *See People v. Melara*, 2025 COA 48, ¶¶ 22-23; *People v. Schlehuber*, 2025 COA 50, ¶¶ 1-2, 7, 16, 29-34; *People v. Berumen*, 2025 COA 93, ¶¶ 1, 14, 22-30.  We agree in particular with the *Schlehuber* division's reasoning, and we adopt it here.  Accordingly, we aren't persuaded by Gonzales's argument that the "real possibility" and "firmly convinced" language in the instruction lowers the prosecution's evidentiary burden and encourages burden-shifting that requires a defendant to prove his innocence.

¶ 10    The court's instruction said that "reasonable doubt" is a "real possibility that the defendant is not guilty" and that it "requires more than proof that something is highly probable."  *See* COLJI-Crim. E:03 (2022).  The "real possibility" language explains the prosecution's evidentiary threshold, and it instructs the jury not to acquit the defendant based on *any* conceivable doubt, no matter how improbable.  *See Schlehuber*, ¶¶ 31, 34.  This is an accurate

---

[1] The Colorado Supreme Court has granted certiorari in *Teran-Sanchez v. People*, (Colo. No. 25SC148, Sep. 2, 2025) (unpublished order), to address whether the definition of reasonable doubt in the 2023 model instruction — which mirrors the definition in the 2022 model instruction — violates a defendant's rights to due process and a fair trial.

expression of the prosecution's burden of proof under the reasonable doubt standard.  *Id.* at ¶¶ 30-31.

¶ 11    Moreover, "equating reasonable doubt with a 'real possibility' [doesn't] shift the burden to the defendant to establish that real possibility" because nothing about that phrase suggests that evidence from the defendant must be "the source of the 'real possibility.'"  *Schlehuber,* ¶ 34 (quoting *United States v. Taylor,* 997 F.2d 1551, 1557 (D.C. Cir. 1993)).  To the contrary, the court's instruction said that if a juror thinks "there is a real possibility that the defendant is not guilty, then *the prosecution* has failed to prove the crime charged beyond a reasonable doubt."  (Emphasis added.) And the court's instruction correctly informed the jury that the burden of proof was "upon the prosecution" and that the "prosecution must prove to the satisfaction of the jury beyond a reasonable doubt the existence of each and every element necessary to constitute the crime charged."  *See Berumen,* ¶ 28.

¶ 12    Thus, we conclude that the district court's use of the 2022 model instruction to instruct the jury on reasonable doubt didn't constitute reversible error.

## IV. Self-Defense Jury Instruction

¶ 13     Gonzales next argues that the district court reversibly erred by (1) failing to instruct the jury on self-defense as an affirmative defense or (2) instructing the jury that self-defense as an element-negating traverse applied only to the offense of third degree assault (reckless).  We address and reject both assertions.

### A. Legal Authority

¶ 14     There are two types of defenses in criminal cases:

> (1) "affirmative" defenses that admit the defendant's commission of the elements of the charged act, but seek to justify, excuse, or mitigate the commission of the act; and (2) "traverses" that effectively refute the possibility that the defendant committed the charged act by negating an element of the act.

*People v. Pickering*, 276 P.3d 553, 555 (Colo. 2011).

¶ 15     To present an affirmative defense for the jury to consider, the defendant must offer "some credible evidence" to support the claimed defense.  § 18-1-407(1), C.R.S. 2025; *Pearson v. People*, 2022 CO 4, ¶ 16.  As relevant here, "some credible evidence" is synonymous with "a scintilla of evidence."  *People v. Gallegos*, 2025 CO 41M, ¶ 14 (citation omitted).  "When a defendant presents evidence properly raising an affirmative defense, the defense

7

becomes an additional element of the charged offense, requiring the trial court to provide a jury instruction indicating that the prosecution must prove the defense's inapplicability beyond a reasonable doubt." *Pearson*, ¶ 18; *see* § 18-1-407(2).

¶ 16    To instruct the jury on self-defense as a traverse, the defendant must present evidence of self-defense. § 18-1-704(4), C.R.S. 2025; *Pickering*, 276 P.3d at 556. When sufficient evidence is presented to properly raise a traverse, "the jury may consider the evidence in determining whether the prosecution has proven the element implicated by the traverse beyond a reasonable doubt." *Pickering*, 276 P.3d at 555.

¶ 17    A court has a duty to correctly instruct the jury on all matters of law for which there is sufficient evidence to support the giving of an instruction. *Castillo v. People*, 2018 CO 62, ¶ 34. We review de novo whether sufficient evidence existed to support a party's requested instruction. *Id.* at ¶ 32.

## B.    Additional Facts

¶ 18    During a mid-trial jury instruction discussion, the prosecutor asked whether defense counsel would request a self-defense jury instruction. Counsel responded that, because Gonzales had not yet

decided whether to testify, he didn't know if he would submit an instruction on self-defense as an affirmative defense or if he was going to be submitting an instruction on self-defense as a traverse. Counsel said, "if Mr. Gonzales testifies, I think we will break the threshold barrier for scintilla [of evidence]. If he doesn't, then I can decide if I want to . . . tender . . . the self-defense [t]raverse instruction."

¶ 19    Gonzales ultimately decided not to testify. During the jury instruction conference, defense counsel asked the court to give the jury a traverse self-defense instruction. Counsel stated, "if I believed that there was a scintilla of evidence, I would have submitted the affirmative defense instruction . . . and argued for that. But based upon the evidence presented, I don't believe that there's sufficient evidence for me to do that."

¶ 20    The prosecutor didn't object to the traverse self-defense instruction but argued that the jury should be instructed that it applied only to the offense of third degree assault (reckless). Defense counsel disagreed, arguing that the jury could consider self-defense as a traverse as to all the assault charges. The court

agreed with the prosecutor and instructed the jury that it could consider self-defense as a defense to only third degree assault.

### C. Affirmative Defense Self-Defense Instruction

¶ 21  We conclude that Gonzales waived his challenge to the court's failure to give the jury the affirmative defense self-defense instruction.

¶ 22  Waiver is the intentional relinquishment of a known right or privilege. *People v. Rediger*, 2018 CO 32, ¶ 39. "When a party specifically removes issues from a trial court's consideration, the party has waived those issues[,] and we may not review them on appeal." *People v. Geisick*, 2016 COA 113, ¶ 16; *see also Rediger*, ¶ 40 ("[A] waiver extinguishes error, and therefore appellate review . . . ."). "[T]o determine whether a party has removed an issue from our review, we must examine the conduct (or lack of conduct) by the party within the context of all the circumstances." *People in Interest of A.V.*, 2018 COA 138M, ¶ 13.

¶ 23  Nonfundamental rights may be waived by defense counsel as "captain of the ship." *Phillips v. People*, 2019 CO 72, ¶ 16 (citation omitted); *see also Steward v. People*, 498 P.2d 933, 934 (Colo. 1972) ("Defense counsel stands as captain of the ship in ascertaining

10

what evidence should be offered and what strategy should be employed in the defense of the case."); *cf. Arko v. People*, 183 P.3d 555, 556 (Colo. 2008) ("[T]he decision whether to request jury instructions on lesser offenses is a tactical decision that rests with defense counsel after consultation with the defendant.").

¶ 24     Based on the record, we conclude that defense counsel intentionally relinquished the right to request that the court instruct the jury on the affirmative defense of self-defense. By representing that he wasn't requesting an affirmative defense instruction due to the absence of credible evidence in support of it, counsel explicitly removed the issue from the court's consideration. *See Geisick*, ¶ 16. We aren't persuaded by Gonzales's assertion that defense counsel instead forfeited this claim. *See Rediger*, ¶ 40 (a forfeiture, which is based on neglect or the failure to timely assert a right, doesn't extinguish appellate review of an error but subjects the error to plain error review).

### D.     Traverse Self-Defense Instruction

¶ 25     We further conclude that the district court didn't err by instructing the jury that the traverse self-defense instruction applied to only the offense of third degree assault (reckless).

11

¶ 26    In *Pickering*, the Colorado Supreme Court stated that self-defense is an element-negating traverse with respect to crimes requiring recklessness.  276 P.3d at 556.  Yet Gonzales urges us to interpret the traverse instruction set forth in section 18-1-704(4), C.R.S. 2025, in a manner that extends *Pickering*'s logic to all crimes, regardless of mens rea, "when a defendant does not avail himself of the benefit of affirmative defense instructions."  We aren't at liberty to do that and neither was the district court.  *See People v. Woo*, 2025 COA 77, ¶ 35 (district courts and the Court of Appeals are bound by Colorado Supreme Court precedent).

## V.    Disposition

¶ 27    The judgment is affirmed.

JUDGE DUNN and JUDGE HARRIS concur.